COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-207-CR

 

 

CORY GLEN SMITH                                                              APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 396TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Cory Glen Smith
appeals from a conviction for possession of a controlled substance,
methamphetamine, of more than four grams but less than 200 grams.  We affirm.








In two points, Appellant
challenges the denial of his motion to suppress the baggie of methamphetamine
that was found in his vehicle and the manner in which the defensive issue of
justification was placed in the jury charge. 
Because Appellant does not challenge the sufficiency of the evidence, we
will address the pertinent evidence as it relates to each of Appellant=s points on appeal.

                                    MOTION TO SUPPRESS

In his first point, Appellant
complains that the trial court improperly denied his motion to suppress because
the State did not prove that the baggie of methamphetamine was properly
procured by the arresting officer under the Aplain view@ exception
to the requirement that a search be conducted pursuant to a warrant.

Officer Shane Kotara of the
North Richland Hills Police Department was the only witness to testify at the
suppression hearing.  He stated that at
about 5:55 p.m. on November 15, 2003, he was on patrol in a marked police car
when he saw a silver Dodge Stratus run a stop sign.  He stopped the vehicle that was driven by
Appellant, who was the sole occupant.  When
he approached the vehicle to request Appellant=s driver=s license
and proof of insurance, he smelled alcohol on Appellant=s breath.








At that point, Officer Kotara
asked Appellant to step out of the vehicle and the officer conducted a field
sobriety test, the horizontal gaze nystagmus. 
The officer determined that Appellant passed the test and was not
intoxicated.  However, the officer saw an
open container of alcohol in the passenger area of the vehicle, and Appellant
confirmed that there was an open container of alcohol inside the vehicle.  The officer informed Appellant that the
officer was going to remove the alcohol. 
All the doors of the four-door vehicle were locked except the driver=s door through which the officer entered and grabbed the open beer out
of the open ice chest that was in the back seat of the vehicle.  He intended to have Appellant put the open
container into the trunk of the vehicle. 
When he reached into the vehicle, the officer saw another open container
of alcohol between the front seat and the center console, and he removed that
container.  While in the process of doing
this, the officer saw a clear plastic bag within six inches of the second open
container of alcohol.  This bag contained
a crystal-like substance that based upon the officer=s training and experience appeared to be some sort of
methamphetamine.  The bag of
methamphetamine was in the officer=s plain sight.

Officer Kotara testified that
the reason he reached into the car to remove the open containers from the
passenger compartment of the vehicle was because if he had permitted Appellant
to drive away with them, Appellant would still be in violation of the open
container law and the officer would have to stop him again.  After the officer found the bag of
crystal-like substance that he believed to be methamphetamine, he placed
Appellant under arrest.








Trial court=s findings

At the conclusion of the
suppression hearing the trial court made the following findings from the bench:

I=ll find that the officer was
on patrol and observed the traffic offenses of running a stop sign and failure
to turn into the closest available lane being committed by the silver
automobile; that when he made the traffic stop in the 6600 block of Mid-Cities,
he was able to identify the Defendant as the sole occupant of the car; that the
Defendant had been driving the car from the entire time that he observed the
traffic violation up until the time that he stopped him; that as the officer
approached, he observed an ice chest in the back passenger seat floorboard that
contained an open container of what he believed to be an alcoholic beverage.

 

Upon requesting the defendant for his driver=s
license and his insurance, he came back and smelled alcohol on his breath.  He asked the Defendant to step out.  He performed the horizontal gaze nystagmus
test, at which time the officer believed that the Defendant was not intoxicated
and that he had passed.  It was his
intention to issue a citation -- two citations, one for open container and one
for the traffic violation.

 

The officer then was justified in approaching the
vehicle to empty the open containers out. 
Upon entering into the vehicle to empty the open containers is when he
observed the controlled substance in plain view on the front seat, between the
front seat and the console within six inches of the second open beer
bottle.  It=s at
that time that the Defendant -- he decided to place the Defendant under arrest.

 

So I will allow the discovery of the -- what
purports to be the controlled substance as marked as State=s
Exhibit 2 to be admitted for all purposes in front of the jury.

 

 

 








Standard of Review

We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Carmouche v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000); State v. Ballard, 987 S.W.2d 889, 891 (Tex.
Crim. App. 1999).  Therefore, we give
almost total deference to the trial court=s rulings on (1) questions of historical fact and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Johnson v. State, 68 S.W.3d 644, 652‑53
(Tex. Crim. App. 2002); State v. Ballman, 157 S.W.3d 65, 68 (Tex. App.CFort Worth 2004, pet. ref=d).  But when the trial court=s rulings do not turn on the credibility and demeanor of the
witnesses, we review de novo a trial court=s rulings on mixed questions of law and fact.  Estrada v. State, 154 S.W.3d 604, 607
(Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652‑53.








When reviewing a trial court=s ruling on a mixed question of law and fact, the court of appeals may
review de novo the trial court=s application of the law of search and seizure to the facts of the
case.  Estrada, 154 S.W.3d at
607.  We must uphold the trial court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  Armendariz v. State,
123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied, 541 U.S. 974
(2004); Ross, 32 S.W.3d at 856; Romero, 800 S.W.2d at 543.  

Warrantless Searches and
Seizures

The Fourth Amendment protects
against unreasonable searches and seizures. 
U.S. Const. amend.  IV.  To
suppress evidence because of an alleged Fourth Amendment violation, the
defendant bears the initial burden of producing evidence that rebuts the
presumption of proper police conduct.  Ford
v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  A defendant satisfies this burden by establishing
that a search or seizure occurred without a warrant.  Id. 
Once the defendant has made this showing, the burden of proof shifts to
the State, which is then required to establish that the search or seizure was
conducted pursuant to a warrant or was reasonable.  Id.








Whether a search is
reasonable is a question of law that we review de novo.  Kothe v. State, 152 S.W.3d 54, 62
(Tex. Crim. App. 2004).  Reasonableness
is measured by examining the totality of the circumstances.  Id. at 63.  It requires a balancing of the public
interest and the individual=s right to be free from arbitrary detentions and intrusions.  Id. 
A search conducted without a warrant is per se unreasonable unless it
falls within one of the Aspecifically
defined and well-established@ exceptions to the warrant requirement.  McGee v. State, 105 S.W.3d 609, 615
(Tex. Crim. App.), cert. denied, 540 U.S. 1004 (2003); see Best,
118 S.W.3d at 862.  








The Aplain view@ doctrine is
not really an Aexception@ to the warrant requirement because the seizure of property in plain
view involves no invasion of privacy and is presumptively reasonable.  Walter v. State, 28 S.W.3d 538, 541
(Tex. Crim. App. 2000).  If an article is
in plain view, neither its observation nor its seizure would involve any
invasion of privacy.  Id.  The criteria that guide a Aplain view@ analysis
are:  (1) law enforcement officials have
a right to be where they are, and (2) it must be immediately apparent that the
item seized constitutes evidence, that is, there is probable cause to associate
the item with criminal activity.  Walter
v. State, 28 S.W.3d 538, 541 (Tex. Crim. App. 2000).  In determining whether the officer had a
right to be where he was, the Supreme Court requires that Athe officer did not violate the Fourth Amendment in arriving at the
place from which the evidence could be plainly viewed.@  Id. (quoting Horton
v. California, 496 U.S. 128, 136, 110 S. Ct. 2301, 2308 (1990)).

Analysis

Appellant does not contest
the initial stop of his vehicle.  He does
challenge the warrantless search of the vehicle that resulted in the drugs
being found inside the vehicle.  At
trial, Appellant met his burden of establishing that the search was conducted
without a warrant.  Accordingly, the
burden then shifted to the State to establish that the search and seizure were
reasonable.

A person commits an offense
if he knowingly possesses an open container of an alcoholic beverage in a
passenger area of a motor vehicle that is located on a public highway.  Tex.
Penal Code Ann. '
49.031(a)(1),(b) (Vernon 2003).  APassenger area@ is defined
as the area of a motor vehicle designed for the seating of the operator and
passengers of the vehicle.  Id. ' 49.031(a)(2).  








Appellant points out that
Officer Kotara was not authorized to arrest him for violation of the open
container law.  See Tex. Transp. Code Ann. ' 543.004(a) (Vernon Supp. 2005) (specifying that an officer shall
issue a written notice to appear for a violation of the open container law if
the person makes a written promise to appear in court).  Because the officer was not authorized to
arrest Appellant for a violation of the open container law, Appellant asserts
he was not authorized to enter Appellant=s vehicle to remove the open containers of alcohol because they are
not contraband and are therefore not subject to seizure.

We disagree.  We conclude that the State met its burden of
establishing that the search of Appellant=s vehicle was reasonable. 
Officer Kotara could not permit Appellant to drive away with two open
containers of alcohol inside the vehicle; Appellant would again be in violation
of the open container law.  Therefore, the
officer had a right to be inside Appellant=s vehicle in order to seize evidence that was in plain view in
violation of the open container law. 
While he was legally inside the vehicle, the officer saw a clear plastic
bag that contained a crystal-like substance that the officer associated with
criminal activity, possession of a controlled substance.  Because the State established that the
evidence was obtained in accordance with the plain view doctrine and did not violate
the warrant requirement of the Fourth Amendment, we hold the trial court did
not abuse its discretion in denying Appellant=s motion to suppress.  Appellant=s first point is overruled. 

                           JURY CHARGE ON DEFENSIVE ISSUE     








In his second point,
Appellant contends the trial court committed reversible error by requiring the
jury to find beyond a reasonable doubt that Appellant reasonably believed his
conduct was required to assist a public servant in the performance of his duties.  In the argument portion of his brief,
Appellant phrases his contention somewhat differently.  He asserts that the manner in which the
defensive issue of justification was placed in the charge significantly
diminished the State=s burden of
proof, and he was denied an opportunity to have the jury consider his defensive
issue at the same time that it was considering whether the State had proved its
case beyond a reasonable doubt.

It is a justification to
prosecution that the conduct in question is justified under the penal
code.  Tex.
Penal Code Ann. ' 9.02
(Vernon 2003).  Conduct is justified if
the actor reasonably believed his conduct was required or authorized to assist
a public servant in the performance of his official duty.  Id. ' 9.21(d)(2).  The issue of the
existence of a defense is not submitted to the jury unless evidence is admitted
supporting the defense.  Id. ' 2.03(c) (Vernon 2003); Bodget v. State, 74 S.W.3d 23, 31 (Tex.
Crim. App. 2002).   

At the North Richland Hills
jail, Appellant signed a written statement in which he offered the following
explanation as justification for the drugs found in his vehicle:








As I
was telling Officer Kotara at the time of arrest, the reason I was carrying the
narcotics is that I purchased them from a known person of Billy Reedy, a murder
fugitive.  The reason I knew all of this
is because Billy was driving a vehicle registered to me when the offense
happened.  I was instructed by a
Detective Byron Stewart to do whatever I could to bring Billy in and off the
streets.  Detective Stewart is from the
West Division of Arlington Police Department. 
I made the buy to get closer to this person and gain his trust.  As soon as I got back to the house, which I
wasn=t a
couple of blocks from the house, I was going to call Detective Stewart and tell
what had happened -- and tell what had taken place and to receive further
instructions from him.  I would be glad
to talk to whomever and get this cleared up. 
I have whatever you may need for assistance.

 

Based upon Appellant=s written and videotaped statements, the trial court included the
defense of justification in the proposed jury charge; at the charge conference,
Appellant=s counsel
informed the court that he did not have any objections to the court=s charge.

Appellate review of error in
a jury charge involves a two-step process. 
Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error
occurred; if so, we must then evaluate whether sufficient harm resulted from
the error to require reversal.  Id.
at 731-32.  








Article 36.14 of the code of
criminal procedure requires the trial court to instruct the jury on the law
applicable to the case.  Tex. Code Crim. Proc. Ann. art. 36.14
(Vernon Supp. 2005); Gray v. State, 152 S.W.3d 125, 127-28 (Tex. Crim.
App. 2004); see also Dinkins v. State, 894 S.W.2d 330, 339 (Tex.
Crim. App.) (holding function of jury charge is to instruct the jury on the law
applicable to the case), cert. denied, 516 U.S. 832 (1995).  If the issue of the existence of a defense is
submitted to the jury, the court shall charge that a reasonable doubt on the
issue requires that the defendant be acquitted. 
Tex. Penal Code Ann. ' 2.03(d).  The court=s charge in the instant case provided in pertinent part as follows: 

Now, if you find from the evidence beyond a
reasonable doubt that on or about the 15th day of November, 2003, in Tarrant
County, Texas, the Defendant, Cory Glen Smith, did heretofore then and there
intentionally or knowingly possess a controlled substance, namely
methamphetamine, or four grams or more, but less than two hundred grams,
including any adulterants or dilutants, then you will find the Defendant guilty
of the offense of possession of a controlled substance, namely methamphetamine
of four grams or more, but less than two hundred grams, as charged in the
indictment.

 

Unless you so find beyond a reasonable doubt, or
if you have a reasonable doubt thereof, you will acquit the Defendant and say
by your verdict ANot
Guilty@. 

 

A person is justified for conduct, if any,
committed by the person if the person reasonably believes that his conduct is
required or authorized to assist a public servant in the performance of the
public servant=s
official duty, even though the public servant exceeds his lawful authority.

 

A police officer is a public servant.

 

AReasonable
belief@
means a belief that would be held by an ordinary and prudent man in the same
circumstances as the Defendant.

 








Now, if you find from the evidence beyond a
reasonable doubt that on or about the 15th day of November, 2003, in Tarrant
County, Texas, the Defendant, Cory Glen Smith, did heretofore then and there
intentionally or knowingly possess a controlled substance, namely
methamphetamine, of four grams or more, but less than two hundred grams,
including any adulterants or dilutants, but you further find from the evidence,
or if you have a reasonable doubt thereof, that the Defendant, Cory Glen Smith
reasonably believed that his conduct, if any was required or authorized to
assist a public servant in the performance of the public servant=s
official duty and even though the public servant exceeded his lawful authority,
then you will acquit the Defendant and say by your verdict ANot
Guilty@.

 

The State is not required to
negate the existence of a defense in the accusation charging commission of the
offense.  Tex. Penal Code Ann. '  2.03(b).  However, the State has the ultimate burden of
persuasion when confronted with a section 2.03 defense.  Zuliani v. State, 97 S.W.3d 589, 595
(Tex. Crim. App. 2003).  The State's
burden is proving its case beyond a reasonable doubt.  Id. 









Our appellate review of the
jury charge is not limited to certain parts of the charge standing alone;
rather, the charge must be viewed as a whole. 
See Reyes v. State, 741 S.W.2d 414, 426 (Tex. Crim. App.
1987).  The first application paragraph
of the jury charge provided that the jury must consider whether the State
proved Appellant guilty beyond a reasonable doubt.  If the jury had a reasonable doubt about
whether the State proved the elements of its case, the jury should find
Appellant not guilty.  The charge then
instructed the jury about the defense of justification.  This was followed by the second application
paragraph which provided that if the jury found the State proved the elements
of its case, but the jury found from the evidence, or had a reasonable doubt
thereof, that Appellant reasonably believed his conduct was required or
authorized to assist a public servant in the performance of his official duty,
the jury should find Appellant not guilty. 
The jury is presumed to have understood and followed the trial court=s charge unless there is evidence to the contrary.  See Hutch v. State, 922 S.W.2d 166,
172 (Tex. Crim. App. 1996); Sparks v. State, 177 S.W.3d 127, 134 (Tex.
App.CHouston [1st Dist.] 2005, no pet.). 
No such evidence exists in the instant case.  

We conclude that when the
jury charge is viewed as a whole it is not illogical or confusing for the jury
and did not misplace the burden of proof. 
The jury charge sufficiently tracked the language of section 2.03(d)
which states that a reasonable doubt on Appellant=s defense of justification requires that the defendant be
acquitted.  See Tex. Penal Code Ann. ' 2.03(d).  Accordingly, we hold
the trial court did not err in the manner in which it submitted Appellant=s justification defense to the jury.[2]  We overrule Appellant=s second point.        

 








                                           CONCLUSION                           

Having overruled both of
Appellant=s points, we
affirm the judgment of the trial court.

 

PER CURIAM

PANEL B: 
HOLMAN, WALKER, and MCCOY, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  JUNE 29, 2006











[1]See Tex. R. App. P. 47.4.





[2]See
Wingo v. State, 143 S.W.3d 178, 190 (Tex. App.CSan
Antonio 2004) (holding trial court did not err in its arrangement of the
defense and application paragraphs), aff=d, 189
S.W.3d 270 (Tex. Crim. App. 2006); see also Martinez v. State, No. 05-03-01243-CR,
2004 WL 2378359, at *1-2 (Tex. App.CDallas Oct. 25, 2004, no
pet.) (not designated for publication) (disagreeing with the appellant=s
contention that placement of application paragraph in charge before abstract
instructions on constitutional rights confused the jury or was illogical).